UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 12-206(5) (DWF/LIB) |
| v. | **REPORT AND RECOMMENDATION** |
| Kevin John Needham, a/k/a "KJ" | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge upon Defendant's Motion for Severance [Docket No. 142], made on November 9, 2012. The case has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a hearing on November 17, 2012, and heard arguments from Defendant and from the Government. For reasons outlined below, the Court recommends that Defendant's motion to sever be DENIED without prejudice.

## I. BACKGROUND

Defendant Kevin John Needham (a/k/a "KJ") is one of six persons charged with robbery in connection with an incident alleged to have taken place on January 1, 2011, on the Red Lake Indian Reservation. (Indictment [Docket No. 1] at 4). The indictment charges five other individuals with robbery: Geshik-O-Binese Martin (a/k/a "Gishek," a/k/a "Geshik"), Edward McCabe Robinson (a/k/a "Eddie"), David John Martin (a/k/a "Lurch"), George Allen Martin (a/k/a "Geo") (collectively "Co-Defendants"); and Terin Rene Stately.[1] (Id.) The Co-

---

[1] On November 15, 2012, Co-Defendant Stately pleaded guilty to Theft. (United States v. Stately, Crim. No. 12-206(6) (DWF/LIB), Tr. Hr'g Nov. 15, 2012 [Docket No. 153], at 27). Because Ms. Stately will not be tried with Defendant Needham, the Court does not consider her a "Co-Defendant" for purposes of this Report and Recommendation.

1

Defendants also are charged with murder in the deaths of Craig David Roy (a/k/a "Crusher") and Darla Ann Beaulieu (a/k/a "Sue"). (Id. at 1-3). Defendant Needham is scheduled to be tried jointly with the Co-Defendants.

On November 9, 2012, Defendant Needham brought this Motion for Severance [Docket No. 142]. Defendant Needham argues, based on his counsel's review of redacted documents, that the Government may introduce at trial statements from witnesses who claim that one or more Co-Defendant(s) made statements that were incriminating as to Needham. (Id. at 2-3). Defendant Needham argues that, should such testimony be introduced and should his Co-Defendant(s) choose not to testify, such testimony would be prejudicial because he would not have an opportunity to exercise his Sixth Amendment right to cross-examine his Co-Defendant(s). (Id.). Defendant Needham urges that Bruton v. United States, 391 U.S. 123 (1968), requires that the Court sever his trial from that of his Co-Defendants in order to eliminate such prejudice. The Government disagrees, arguing that the trial court likely will be able to craft a limiting instruction or other mechanism that minimizes or eliminates any prejudice to Defendant Needham. (Gov't's Resp. Mot. Severance [Docket No. 144]). Both Defendant Needham and the Government presented their arguments to this Court at the November 17, 2012, hearing.

On November 21, 2012, the Court ordered the Government to provide, for *in camera* review, unredacted copies of or summaries of any statements attributed to any of the Co-Defendants which the Government intends to use at trial. [Docket No. 150]. The Government provided those records on November 27 and 28, 2012.

## II. DISCUSSION

### A. Standard of Review

An indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "For proper joinder under this provision, it is not necessary that every defendant have participated in or be charged with each offense." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996) (internal quotation and citation omitted).

The Federal Rules of Criminal Procedure also provide that if joinder creates prejudice to either the Government or a defendant, the Court may sever a trial "or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, "[i]f, under Rule 8, joinder is proper, then the defendant seeking severance has a 'heavy burden' in demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Hopkins, No. 11-230 (DWF/SER), 2011 U.S. Dist. LEXIS 127071, at *25-26 (D. Minn. Oct. 5, 2011) (citing United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996)). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993); see also United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009). "Joint trials play a vital role in the criminal justice system," because they achieve certain efficiencies, and because they "avoid[] the scandal and inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 209-10 (1987). "Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." Clay, 579 F.3d at 927 (citing United States v. Al-Esawi, 560 F.3d 888, 891 (8th Cir. 2009)). "The risk of prejudice

posed by joint trials is best cured by careful and thorough jury instructions." United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004).

B. **Discussion**

In this case, the Defendant Needham does not argue that the Government improperly joined his case with the cases against his Co-Defendants. In other words, he does not argue that joinder was improper under Rule 8(b). Rather, Defendant Needham argues that severance is necessary in order to avoid infringing his Sixth Amendment confrontation right. (Def.'s Mot. Severance [Docket No. 142]).

"Defendants have a Sixth Amendment right to confront witnesses against them, and a Fifth Amendment right not to be made witnesses against themselves. 'In a joint trial, these rights collide when co-defendants implicate each other in confessions that are introduced into evidence." United States v. Banks, Crim. No. 11-173 (MJD/JJK), 2011 U.S. Dist. LEXIS 77703, at *5 (D. Minn. July 1, 2011) (Keyes, M.J.). In Bruton, the petitioner and a co-defendant had been convicted of armed robbery in a joint trial after a postal inspector testified that the co-defendant had confessed and had "expressly implicat[ed]" the petitioner. 391 U.S. at 124, 124 n.1. The trial court instructed the jury that the co-defendant's confession "if used, can only be used against the [co-defendant]. It is hearsay insofar as the [petitioner] is concerned, and you are not to consider it in any respect to the [petitioner], because insofar as he is concerned it is hearsay." Id. at 125 n.2. The Court concluded that

> the introduction of [the co-defendant's] confession posed a substantial threat to petitioner's right to confront the witnesses against him, and this is a hazard we cannot ignore. Despite the concededly clear instructions to the jury to disregard [the co-defendant's] inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination. The effect is the same as if there had been no instruction at all.

4

Id. at 137. For that reason, the Court reversed the petitioner's conviction. Id. at 126, 137.

However, even the Bruton court suggested that redaction may be sufficient to cure any prejudice caused by the introduction of a co-defendant's incriminating statement, and acknowledged that "[n]ot every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions." Id. at 134 n.10, 135. In Richardson v. Marsh, 481 U.S. 200 (1987), the Court distinguished between co-defendant statements that are "facially incriminating," and statements which merely are "incriminating by connection." Id. at 209. When a co-defendant's statement is facially incriminating of the defendant, redaction or even severance may be required because it is more difficult for jurors to set aside such evidence. Id. at 208. However, the Court rejected the suggestion that the rule in Bruton extend to confessions that are incriminating by connection as both impractical and unnecessary. Id. at 208-09.

The Government has provided the Court with more than 250 pages of evidence for *in camera* review. In reviewing this evidence, the Court asked two questions: First, does the evidence contain a statement *attributed to a Co-Defendant* that inculpates Defendant Needham? Bruton and its progeny are limited to statements made by a defendant's co-defendants, because only a co-defendant's statement creates a conflict between the defendant's Sixth Amendment right to confront witnesses against him, and his co-defendant's right not to incriminate himself. See Banks, 2011 U.S. Dist. LEXIS 77703, at *5 (explaining the conflict). Second, if the evidence contains statements by Co-Defendants that inculpate Defendant Needham, are those statements *facially incriminating*, or are they merely incriminating by connection? "If a codefendant's confession does not incriminate the defendant on its face, but does so only when linked to additional evidence, it may be admitted if a limiting instruction is given to the jury and

the defendant's name is redacted from the confession." United States v. Flaherty, 76 F.3d 967, 972 (8th Cir. 1996) (citing Richardson, 481 U.S. at 211). Only the facially incriminating statements of a co-defendant give rise to a Bruton issue. See Richardson, 481 U.S. 200.

The evidence provided for *in camera* review contains dozens of statements that identify Defendant Needham and speak to his alleged whereabouts and activities on January 1, 2011. However, the overwhelming majority of these statements recount the direct observation of the witnesses from whom the evidence was obtained, not a recounting of any statements by any Co-Defendants that directly inculpate Defendant Needham. Thus, should any of these category of statements be introduced at trial, Defendant Needham should have the opportunity to confront the non-party witnesses, and there should be no Sixth Amendment issue. See, e.g., Banks, 2011 U.S. Dist. LEXIS 77703, at *6 ("Bruton does not apply when *a co-defendant's* statements do not incriminate the defendant either on their face or when considered with other evidence" (emphasis added)); United States v. Prime Plating, Inc., Crim. No. 04-208 (JRT/FLN), 2004 U.S. Dist. LEXIS 24706, at *6 (D. Minn. Nov. 24, 2004) (Tunhein, J.) (same).

However, the evidence also contains a small number of statements attributed to Co-Defendants that, either directly or by connection with other evidence, inculpates Defendant Needham. The Court, then, proceeds to the next step of the inquiry.

The evidence provided for *in camera* review also contains a small handful of statements, made by one or more Co-Defendants to one or more witnesses, in which the Co-Defendant(s) purportedly describe(s) actions taken on January 1, 2011, by "the boys" or the "guys" or some other nonspecific designation. Taken in combination with other evidence, these statements could inculpate Defendant Needham and, therefore, create a possible confrontation issue. However, such statements do not, by themselves, warrant severance. "If a codefendant's confession does

6

not incriminate the defendant on its face, but does so only when linked to additional evidence, it may be admitted if a limiting instruction is given to the jury and the defendant's name is redacted from the confession." Flaherty, 76 F.3d at 972; Prime Plating, 2004 U.S. Dist. LEXIS 24706, at *6-7 (same). The Court believes such limiting instructions, if necessary, can here be applied at trial, and that these statements do not warrant severance.

Finally, the evidence submitted for *in camera* review does contain two statements, made by one or more Co-Defendants to one or more witnesses, in which the Co-Defendant(s) purportedly describe(s) the actions taken specifically by Defendant Needham on January 1, 2011. Such statements are facially incriminating. Richardson, 481 U.S. at 208. ("Specific testimony that 'the defendant helped me commit the crime' is more vivid than inferential incrimination, and hence more difficult to thrust out of mind.") Additionally, unless the particular Co-Defendant(s) who made these statements choose(s) to take the stand, Defendant Needham will not be able to exercise his Sixth Amendment right to confront the witness against him. These are the very types of statements at issue in Bruton and Richardson.

However, even when a statement is facially incriminating, "Bruton can be complied with by redaction – a possibility suggested in that opinion itself." Richardson, 481 U.S. at 209 (citing Bruton, 391 U.S. at 134 n.10). As expressed by the U.S. Supreme Court in Zafiro and Richardson, by the Eighth Circuit in Clay, Al-Esawi and Warfield, and by the District of Minnesota in Hopkins,[2] there is a strong preference in the federal courts for joint trials. Given that preference, and at this early juncture when the Court can only guess at what evidence the Government will actually seek to introduce at trial or whether any Co-Defendants will ultimately refuse to testify in their own defense and thereby deny Defendant Needham an opportunity to cross examine them, severance is not now appropriate:

---

[2] Citations in Part II.A, supra.

> With respect to possible infringement of defendant['s] right to confront his co-defendant concerning recorded statements made by the co-defendant, the motion for severance can properly be determined at or near the time of trial at which time it can be determined whether the government will seek to introduce all or selected portions of the recorded statements, and whether [the co-defendant] will exercise his right to testify or his Fifth Amendment right. Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances. At present the motion for severance based upon speculative grounds is therefore premature.

United States v. Billups, Crim. No. 06-129 (PJS/AJB), 442 F. Supp. 2d 697, 706 (D. Minn. 2006) (Boylan, M.J.); see also Banks, 2011 U.S. Dist. LEXIS 77703, at *7 ("Bruton protections can be re-evaluated" before trial "or at trial when actual testimony is proffered").

Consequently, the Court recommends that the Defendant's Motion for Severance [Docket No. 142] be DENIED without prejudice.

## III. CONCLUSION

1. Based on the foregoing, and all the files, records and proceedings herein,

    **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Severance [Docket No. 142] be DENIED without prejudice.

Dated: December 10, 2012            s/Leo I. Brisbois
                                    LEO I. BRISBOIS
                                    United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 24, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.